UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ROBERT BROOKS,

        Plaintiff,

v.

PETE YOUNGERT, *et al.*,

        Defendants.
_____/

Case No. 4:03-CV-137

HON. RICHARD ALAN ENSLEN

**ORDER**

      This matter is before the Court on Plaintiff Robert Brooks' appeal of United States Magistrate Judge Ellen S. Carmody's Order (Dkt. No. 73), which denied Plaintiff's request for appointment of counsel (Dkt. No. 67). Plaintiff filed the underlying motion seeking appointment of counsel because he is acting *pro se*, is currently incarcerated in Ionia Maximum Security Prison and is unable to adequately investigate this matter, access discovery materials and effectively represent himself in this matter.

      A magistrate judge's order on a non-dispositive motion, such as a motion to appoint counsel, may only be modified or set aside if the order is clearly erroneous or contrary to law. Fed. R. Civ. P. 72(a). The Court reviews the Order pursuant to 28 U.S.C. § 636 to determine whether it was "clearly erroneous or contrary to law." *See McEvily v. Sunbeam-Oster Co., Inc.*, 878 F. Supp. 337, 340 (D.R.I. 1994) (citing cases).

      Prisoners have a right of meaningful access to the courts in both civil rights and habeas cases. *John L. v. Adams*, 969 F.2d 228, 232 (6th Cir. 1992); *Johnson v. Howard*, 20 F. Supp. 2d 1128 (W.D. Mich. 1998). "Appointment of counsel in a civil case is not a constitutional right...It is a

1

privilege that is justified only by exceptional circumstances." *Lavado v. Keohane*, 992 F.2d 601, 605-06 (6th Cir. 1993) (citing *Wahl v. McIver*, 773 F.2d 1169, 1174 (11th Cir. 1985). Such exceptional circumstances exist where a prisoner acting *pro se* has made a colorable claim, but lacks the means to adequately investigate, prepare or present it. *Id.*; *see also Maclin v. Freake*, 650 F.2d 885, 887 (7th Cir. 1981); *Wright v. Dallas County Sheriff Dep't*, 660 F.2d 623, 625 (5th Cir.1981); *Stringer v. Rowe*, 616 F.2d 993, 1001 (7th Cir. 1980); *Gordon v. Leeke*, 574 F.2d 1147, 1153 (4th Cir. 1978); *Shields v. Jackson*, 570 F.2d 284, 286 (8th Cir. 1978).

In this case, Plaintiff has presented a colorable claim, as evidenced by his ability to survive a summary judgment motion. Furthermore, it is in the interest of a fair adjudication of Plaintiff's claims to appoint counsel. For these reasons, the Court finds that the Magistrate Judge's Order denying appointment of counsel under 28 U.S.C. § 1915(e)(1) was clearly erroneous and that counsel should be requested for Plaintiff.

**THEREFORE, IT IS HEREBY ORDERED** that Plaintiff Robert Brooks' Appeal of Magistrate Judge Carmody's Order (Dkt. No. 82) is **GRANTED**, Magistrate Judge Carmody's Order (Dkt. No. 73) is **REVERSED** as clearly erroneous, and Plaintiff Robert Brooks' Motion to Appoint Counsel (Dkt. No. 67) is **GRANTED**.

**IT IS FURTHER ORDERED** that this matter is referred to United States Magistrate Judge Timothy P. Greeley for the purpose of appointment of counsel and related procedural matters.

DATED in Kalamazoo, MI:  
       June 9, 2005

/s/ Richard Alan Enslen  
RICHARD ALAN ENSLEN  
UNITED STATES DISTRICT JUDGE