UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ROBERT BROOKS  (#181158),

       Plaintiff,                                    No. 4:03-cv-137

v

                                            Hon. RICHARD ALAN ENSLEN

PETER YOUNGERT, et al,           MAG.  ELLEN S. CARMODY

       Defendant.

| Mark S. Pendery (P57683) | John L. Thurber (P44989) |
|---|---|
| Rhoades McKee | Assistant Attorney General |
| *Attorneys for Plaintiff* | *Attorney for Defendants Youngert & Stowell* |
| 161 Ottawa NW, Ste 600 | PO Box 30217 |
| Grand Rapids, Michigan 49503 | Lansing, MI 48909 |
| (616) 235-3500 | (517) 335-7021 |

**BRIEF IN SUPPORT OF DEFENDANT STOWELL'S MOTION
IN LIMINE TO EXCLUDE REFERENCES TO STOWELL'S
TERMINATION FROM THE MICHIGAN DEPARTMENT OF CORRECTIONS**

**Statement of Facts**

It is Stowell's understanding that at trial, Brooks' counsel intends to raise the issue of Stowell's termination from the Michigan Department of Corrections (MDOC) for marijuana use in 2002.  This Court should deny Brooks the opportunity to question Stowell about his termination from the MDOC.

**ARGUMENT**

    I.      **FRE 404(b) prohibits evidence of other crimes, wrongs, or acts to show a party's action in conformity therewith.  Brooks is attempting to introduce evidence of Stowell's termination for marijuana use to show he is a person of bad character.  Should this Court permit introduction of such evidence?**

On June 19, 2002, Stowell resigned from the MDOC following a positive test for marijuana.  Brooks' counsel wants to introduce several exhibits, specifically exhibits 24 – 29 of the Joint Final Pretrial Order, which referenced the facts regarding his termination from the MDOC.

Stowell maintains that this evidence is being introduced solely to establish bad character. The Rules of Evidence prohibit the introduction of evidence for such a purpose.[1] Moreover, such evidence is irrelevant for determining whether Stowell violated Brooks' rights on October 2, 2000.[2] It would be unfairly prejudicial for the jury to hear about his dismissal from the MDOC. Simply because Stowell was dismissed from his job does not mean that he would violate Brooks' constitutional rights. Yet, the jury might well draw an unfair inference about what happened on October 2, 2000 based on events that occurred a year and a half later. Consequently, this Court should prohibit Brooks from referencing any information surrounding Stowell's termination.

## RELIEF

Stowell requests this Court to exclude any evidence at trial referencing Stowell's termination from the MDOC.

Respectfully submitted,

Michael A. Cox
Attorney General

*/s/ John L. Thurber (P44989)*
Assistant Attorney General
Attorney for Defendants
PO Box 30217
Lansing, MI 48909
Phone: (517) 335-7021
Fax: (517) 335-7157
thurberj@michigan.gov

Dated: October 19, 2006
S:\Corrections\Assignment Control\Cases\Open\Thurber\Brooks - 2004002663A (WD)\Pleadings\LIMINE.mot.doc

---

**PROOF OF SERVICE:**
I hereby certify that on October 19, 2006, I presented the foregoing paper to the Clerk of the Court for filing and uploading to the ECF System which will send notification of such filing to the attorneys of record listed herein and I hereby certify that I have mailed by US Postal Service the document to the involved non-participant.
*/s/ John L. Thurber (P44989)*
Assistant Attorney General
Attorney for Defendants

---

[1] FRE 404(b).
[2] FRE 403.