*Robert Brooks, #181158 v Peter Youngert, et al*
USDC – Western District Docket No. 4:03-cv-137

## JURY INSTRUCTION

## INDEX FOR JURY INSTRUCTIONS

| No. | Title | Page |
|-----|-------|------|

Cases
No. 01   CV 2.01 – Introduction.................................................................1
No. 02   CV 2.01B – More than One Defendant.....................................2
No. 03   CV 2.02 - Jurors' Duties.............................................................3
No. 04   CV 2.03 – All Persons Equal Before the Law - Organizations........4
No. 05   CV 2.04 - Evidence Defined.......................................................5
No. 06   CV 2.05 - Consideration of Evidence ........................................7
No. 07   CV 2.06 - Direct and Circumstantial Evidence ...........................8
No. 08   CV 2.07 - Credibility of Witnesses ............................................9
No. 09   CV 2.08 - Number of Witnesses and Evidence Presented ...........11
No. 10   CV 2.08A – All Available Evidence need not be Produced ...........12
No. 11   CV 2.08B – Single Witness........................................................13
No. 12   CV 2.14 - Parties' Objections....................................................14
No. 13   3.01 - Introduction....................................................................15
No. 14   3.02 - Preponderance of the Evidence .......................................16
No. 15   3.02A - Burden of Proof.............................................................17
No. 16   § 166.01 – Specific Elements of Claims / Nature of the Case ........18
No. 17   CV 3.03A - Proximate Cause .....................................................19
No. 18   CV 3.03B - Proximate Cause and Proximately Contributed............20
No. 19   § 166.10 – Generally.................................................................21
No. 20   § 166.23 – Excessive Force .......................................................22
No. 21   § 166.31 – Maliciously...............................................................24
No. 22   § 166.32 – Deliberately..............................................................25
No. 23   § 166.33 – Sadistically...............................................................26
No. 24   M CIV JI 115.01 - Assault - Definition ........................................27
No. 25   M CIV JI 115.02 - Battery - Definition.........................................28
No. 26   M CIV JI 115.20 - Assault - Burden of Proof................................29
No. 27   M CIV JI 115.21 - Battery - Burden of Proof................................30
No. 28   CV 3.04 - Consider Damages Only If Necessary..........................31
No. 29   CV 3.04A - Damages - Reasonable - Not Speculative ..................32
No. 30   § 166.60 - Nominal Damages.....................................................33
No. 31   § 166.62 - Punitive Damages .....................................................34
No. 32   CV 4.01 – Introduction...............................................................35
No. 33   CV 4.07 - Impeachment - Inconsistent Statement (Modified~~Prior Conviction~~) ............36
No. 34   CV 4.08 - Impeachment by Prior Inconsistent Statement Not Under Oath ...................37
No. 35   CV 4.09 - Impeachment of a Witness by Prior Conviction ............38
No. 36   CV 9.01 - Introduction ..............................................................39
No. 37   CV 9.02 - Experiments, Research and Investigation .....................40
No. 38   CV 9.04 - Duty to Deliberate .....................................................41
No. 39   CV 9.04A - Notes ......................................................................42
No. 40   CV 9.05 - Verdict Form ..............................................................43

*Robert Brooks, #181158 v Peter Youngert, et al*
USDC – Western District Docket No. 4:03-cv-137

---

## **JURY INSTRUCTION**

## **INDEX FOR JURY INSTRUCTIONS (cont'd)**

| No. | Title | Page |
|-----|-------|------|
| No. 41 | CV 9.09 - Court Has No Opinion | 44 |
| No. 42 | CV 10.02 -- Deposition as Substantive Evidence | 45 |
| No. 43 | Weighing of Liability Regarding the Absence of the Tape | 46 |

*Robert Brooks, #181158 v Peter Youngert, et al*
USDC – Western District Docket No. 4:03-cv-137

---

### **JURY INSTRUCTION**

**No. 1.**       **CV 2.01 – Introduction**

(1)      Members of the jury, I will now instruct you as to the law that you must follow in deciding this case.

(2)      I will start by explaining your duties and the general rules that apply in every civil case.

(3)      Then I will explain the elements of the claim(s) made by the Plaintiff.

(4)      Then I will explain some rules that you must use in evaluating particular testimony and evidence.

(5)      Then I will explain the rules that you must follow during your deliberations in the jury room, and the possible verdicts that you may return.

(6)      Please listen very carefully to everything I say.

## <u>JURY INSTRUCTION</u>

**No. 2.**  **CV 2.01B – More than One Defendant**

(1)  Although there is more than one Defendant in this action, it does not follow from that fact alone that if one is liable, all are liable.  Each Defendant's defense is entitled to a fair consideration by you and is not be prejudiced by the fact, if it should become a fact, that you find against another Defendant.  Unless otherwise stated, all instructions apply to each Defendant.

## JURY INSTRUCTION

**No. 3.**       **CV 2.02 - Jurors' Duties**

(1)      You have two main duties as jurors.  The first one is to decide what the facts are from the evidence that you have seen and heard in court.  Deciding what the facts are is your job, not mine, and nothing that I have said or done during this trial was meant to influence your decision about the facts in any way.

(2)      Your second duty is to take the law that I give you, apply it to the facts, and decide what claims, if any, Plaintiff has proved by a preponderance of the evidence.  It is my job to instruct you about the law, and you are bound by the oath that you took at the beginning of the trial to follow the instructions that I give you, even if you personally disagree with them.  This includes the instructions that I gave you before and during the trial, and these instructions.  All the instructions are important, and you should consider them together as a whole.

(3)      The parties have talked about the law during their arguments.  But if what they say is different from what I say, you must follow what I say.  What I say about the law controls.

(4)      Perform these duties fairly.  Do not let any bias, sympathy or prejudice that you may feel toward one side or the other influence your decision in any way.

*Robert Brooks, #181158 v Peter Youngert, et al*
USDC – Western District Docket No. 4:03-cv-137

---

## JURY INSTRUCTION

**No. 4.**         **CV 2.03 – All Persons Equal Before the Law - Organizations**

This case should be considered and decided by you as an action between persons of equal standing in the community, of equal worth, and holding the same or similar stations of life. Prisoners and prison employees are entitled to the same fair trial at your hands as a private individual.

---

### JURY INSTRUCTION

**No. 5.          CV 2.04 - Evidence Defined**

(1)      You must make your decision based only on the evidence that you saw and heard here in court.  Do not let rumors, suspicions, or anything else that you may have seen or heard outside of court influence your decision in any way.

(2)      The evidence in this case includes only what the witnesses said while they were testifying under oath; the exhibits that I allowed into evidence; the depositions which were read into evidence or which you watched on the television set, the stipulations that the parties agreed to; and the facts that I have judicially noticed.

(3)      Nothing else is evidence.  The parties' statements and arguments are not evidence.  Their questions and objections are not evidence.  My legal rulings are not evidence.  And my comments and questions are not evidence.

(4)      During the trial I did not let you hear the answers to some of the questions that the parties asked.  I also ruled that you could not see some of the exhibits that the parties wanted you to see.  And sometimes I ordered you to disregard things that you saw or heard, or I struck things from the record or I allowed some evidence to be considered by you for a limited purpose.  You must completely ignore all of the things which are not in evidence or which I struck from the record, and you can consider the evidence which was admitted for a limited purpose only in your consideration of the limited purpose for which the evidence was admitted.  Do not speculate about what a witness might have said or what an exhibit might have shown.  Things that are not evidence are not to influence your decision in any way.

*Robert Brooks, #181158 v Peter Youngert, et al*
USDC – Western District Docket No. 4:03-cv-137

---

### JURY INSTRUCTION

**No. 05**        **CV 2.04 - Evidence Defined (cont'd)**

(5)        Make your decision based only on the evidence, as I have defined it here, and nothing else.

## **JURY INSTRUCTION**

**No. 6.**         **CV 2.05 - Consideration of Evidence**

(1)      You should use your common sense in weighing the evidence.  Consider it in light of your everyday experience with people and events, and give it whatever weight you believe it deserves.  If your experience tells you that certain evidence reasonably leads to a conclusion, you are free to reach that conclusion.

(2)      Unless and until outweighed by evidence in the case to the contrary, you may find that official duty has been regularly performed; that private transactions have been fair and regular; that the ordinary course of business or employment has been followed; that things have happened according to the ordinary course of nature and the ordinary habits of life; and that the law has been obeyed.

*Robert Brooks, #181158 v Peter Youngert, et al*
USDC – Western District Docket No. 4:03-cv-137

---

### JURY INSTRUCTION

**No. 7.**      **CV 2.06 - Direct and Circumstantial Evidence**

(1)      Now, some of you may have heard the terms "direct evidence" and "circumstantial evidence."

(2)      Direct evidence is simply evidence like the testimony of an eyewitness which, if you believe it, directly proves a fact.  If a witness testified that it is raining outside and you believed the witness, that would be direct evidence that it was raining.

(3)      Circumstantial evidence is simply a chain of circumstances that indirectly proves a fact.  If someone walked into the courtroom wearing a raincoat covered with drops of water and carrying a wet umbrella, that would be circumstantial evidence from which you could conclude that it was raining.

(4)      It is your job to decide how much weight to give the direct and circumstantial evidence.  The law makes no distinction between the weight that you should give to either one, or say that one is any better evidence than the other.  You should consider all the evidence, both direct and circumstantial, and give it whatever weight you believe it deserves.

*Robert Brooks, #181158 v Peter Youngert, et al*
USDC – Western District Docket No. 4:03-cv-137

---

## JURY INSTRUCTION

**No. 8.**          **CV 2.07 - Credibility of Witnesses**

(1)      Another part of your duties as jurors is to decide how credible or believable each witness was.  This is your duty, not mine.  It is up to you to decide if a witness's testimony was believable, and how much weight you think it deserves.  You are free to believe everything that a witness said, or only part of it, or none of it at all.  But you should act reasonably and carefully in making these decisions.

(2)      Let me suggest some things for you to consider in evaluating each witness's testimony.

(A)      Ask yourself if the witness was able to clearly see or hear the events.  Sometimes even an honest witness may not have been able to see or hear what was happening, and may make a mistake.

(B)      Ask yourself how good the witness's memory seemed to be.  Did the witness seem able to accurately remember what happened?

(C)      Ask yourself if there was anything else that may have interfered with the witness's ability to perceive or remember the events.

(D)      Ask yourself how the witness acted while testifying.  Did the witness appear honest? Or did the witness appear to be lying?

(E)      Ask yourself if the witness had any relationship to any party in this case, or anything to gain or lose from the case, that might influence the witness's testimony.  Ask yourself if the witness had any bias, or prejudice, or reason for testifying that might cause the witness to lie or to slant the testimony in favor of one side or the other.

(F)      Ask yourself if the witness testified inconsistently while on the witness stand, or if the witness said or did something or failed to say or do something at any other time that is inconsistent with what the witness said while testifying.  If you believe that the witness was inconsistent, ask yourself if this makes the witness's testimony less believable.  Sometimes it may; other times it may not.  Consider whether the inconsistency was about something important, or about some unimportant detail.  Ask yourself if it seemed like an innocent mistake, or if it seemed deliberate.

- 9 -

*Robert Brooks, #181158 v Peter Youngert, et al*
USDC – Western District Docket No. 4:03-cv-137

---

### JURY INSTRUCTION

**No. 8**        **CV 2.07 - Credibility of Witnesses (cont'd)**

(G)      And ask yourself how believable the witness's testimony was in light of all the other evidence.  Was the witness's testimony supported or contradicted by other evidence that you found believable? If you believe that a witness's testimony was contradicted by other evidence, remember that people sometimes forget things, and that even two honest people who witness the same event may not describe it exactly the same way.

(3)      These are only some of the things that you may consider in deciding how believable each witness was.  You may also consider other things that you think shed some light on the witness's believability.  Use your common sense and your everyday experience in dealing with other people.  And then decide what testimony you believe, and how much weight you think it deserves.

*Robert Brooks, #181158 v Peter Youngert, et al*
USDC – Western District Docket No. 4:03-cv-137

---

**JURY INSTRUCTION**

**No. 9.**      **CV 2.08 - Number of Witnesses and Evidence Presented**

(1)      The number of witnesses who testified makes no difference.

(2)      Do not make any decision based only on the number of witnesses who testified or quantity of evidence presented.  What is more important is how believable the witnesses were, and how much weight you think their testimony deserves; and which evidence appeals to your minds as being most accurate and otherwise trustworthy.  Concentrate on that, not the numbers.

*Robert Brooks, #181158 v Peter Youngert, et al*
USDC – Western District Docket No. 4:03-cv-137

---

## JURY INSTRUCTION

**No. 10.        CV 2.08A – All Available Evidence need not be Produced**

No party must call as witnesses all persons who may have been present at any time or place involved in the case, or who may appear to have some knowledge or the matters at issue in this trial. Nor does the law require any party to produce as exhibits all papers and things mentioned in the evidence in the case.

*Robert Brooks, #181158 v Peter Youngert, et al*
USDC – Western District Docket No. 4:03-cv-137

---

**<u>JURY INSTRUCTION</u>**

**No. 11.          CV 2.08B – Single Witness**

(1) The testimony of a single witness which produces in your minds belief in the likelihood of truth is sufficient for the proof of any fact, and would justify a verdict in accordance with such testimony, even though a number of witnesses may have testified to the contrary, if, after consideration of all the evidence in the case, you hold greater belief in the accuracy and reliability of the one witness.

### JURY INSTRUCTION

**No. 12.**       **CV 2.14 – Parties' Objections**

(1)       The parties for both sides objected to some of the things that were said or done during the trial.  Do not hold that against either side.  The parties have a duty to object whenever they think that something is not permitted by the rules of evidence.  Those rules are designed to make sure that both sides receive a fair trial.

(2)       And do not interpret my rulings on the parties' objections as any indication of how I think the case should be decided.  My rulings were based on the rules of evidence, not on any opinion I might have about the case.  Remember that your decision must be based only on the evidence that you saw and heard here in court.

*Robert Brooks, #181158 v Peter Youngert, et al*
USDC – Western District Docket No. 4:03-cv-137

---

### JURY INSTRUCTION

**No. 13.**         **CV 3.01 - Introduction**

(1)        That concludes the part of my instructions explaining your duties and the general

rules that apply in every civil case.  In a moment, I will explain the elements of the Plaintiff's

claims against the Defendants.

(2)        But before I do that, I want to emphasize that this trial is only on the particular

claims alleged in Plaintiff's complaint filed in this case.  Your job is limited to deciding whether the

Plaintiff has proved the claims alleged in this case.

## JURY INSTRUCTION

**No. 14.**          **CV 3.02 - Preponderance of the Evidence**

(1)      The burden is on the Plaintiff to prove every essential element of a claim by a preponderance of the evidence.  If the proof should fail to establish any essential element of the Plaintiff's claim by a preponderance of the evidence, you should find for the Defendants as to that claim.

(2)      To "establish by a preponderance of the evidence" means to prove that something is more likely so than not so.  In other words, a preponderance of the evidence means such evidence as, when considered and compared with that opposed to it, has more convincing force, and produces in your minds belief that what is sought to be proved is more likely true than not true.  If, on any issue in the case, the evidence is equally balanced, you cannot find that issue has been proved by a preponderance of the evidence.

(3)      This rule does not, of course, require proof to an absolute certainty, since proof to an absolute certainty is seldom possible in any case.  Furthermore, this does not require proof beyond a reasonable doubt.  Proof beyond a reasonable doubt is a stricter standard that applies in criminal cases.  It does not apply in civil cases such as this.

*Robert Brooks, #181158 v Peter Youngert, et al*
USDC – Western District Docket No. 4:03-cv-137

---

## JURY INSTRUCTION

**No. 15.**        **CV 3.02A - Burden of Proof**

(1)        In these instructions you are told that your verdict depends on whether you find certain facts have been proved.  The burden of proving a fact is upon the party whose claim depends upon that fact.  The party who has the burden of proving a fact must prove it by the preponderance of the evidence, which I have already defined for you.

(2)        If a preponderance of the evidence does not support each essential element of a claim, then the jury should find against the party having the burden of proof on that claim.

*Robert Brooks, #181158 v Peter Youngert, et al*
USDC – Western District Docket No. 4:03-cv-137

---

### JURY INSTRUCTION

**No. 16.**          **§ 166.01 – Specific Elements of Claims / Nature of the Case**

The Eighth Amendment to the United States Constitution provides that no cruel and unusual

may be inflicted.  The Plaintiff was an inmate at the Ionia Maximum Corrections Facility Marquette

Branch Prison and Defendants were correction officers at the facility.  The Plaintiff claims that the

Defendants denied him his constitutional rights by maliciously and sadistically using force against

him to cause him harm when they entered his cell and beat him.  Plaintiff also claims that

Defendants assaulted and battered him in violation of Michigan state law.

The Defendants deny that they deprived the Plaintiff of his rights under the Eighth

Amendment or that they assaulted or battered him.  They contend that they did not enter Plaintiff's

cell or use any force against the Plaintiff.

Federal Jury Practice and Instructions, Fifth, O'Malley, Grenig and Lee, West
Publishing, 2001, Volume 3B, § 166.01.

**\*\* The underlining and striking of words are Plaintiff's proposed changes to Jury**

**Instruction No. 16 \*\***

- 18 -

## **JURY INSTRUCTION**

**No. 17.**      **CV 3.03A - Proximate Cause**

(1)      An injury or damage is proximately caused by an act, or a failure to act, whenever it appears from the evidence in the case, that the act or omission played a substantial part in bringing about or actually causing the injury or damage, and that the injury or damage was either a direct result or a reasonably probable consequence of the act or omission.

*Robert Brooks, #181158 v Peter Youngert, et al*
USDC – Western District Docket No. 4:03-cv-137

---

### JURY INSTRUCTION

**No. 18.**        **CV 3.03B - Proximate Cause and Proximately Contributed**

(1)        As previously instructed, "proximate cause or proximately contributed" means, first, that there must have been a connection between the Defendants' actions and the Plaintiff's injury and, second, that the occurrence which is claimed to have produced the injury was a natural and probable result of the Defendants' conduct.

---

## **JURY INSTRUCTION**

**No. 19.**          **§ 166.10 – Generally**

<u>Section 1983</u>

Under the Eighth Amendment to the United States Constitution, every person convicted of a crime or a criminal offense has the right not be subjected to cruel and unusual punishment.

Section 1983, the federal civil rights statute under which the Plaintiff has brought this action, provides that a person may seek relief in this Court by way of damages against any person or persons who, under color of any state law or custom, subjects such person to the deprivation of any rights, privileges, or immunities secured or protected by the Constitution or laws of the United States.

Federal Jury Practice and Instructions, Fifth, O'Malley, Grenig and Lee, West Publishing, 2001, Volume 3B, § 166.10.

*Robert Brooks, #181158 v Peter Youngert, et al*
USDC – Western District Docket No. 4:03-cv-137

---

## JURY INSTRUCTION

**No. 20.**　　　**§ 166.23 – Excessive Force**

Inmates are protected from cruel and unusual punishment under the Eighth Amendment of the United States Constitution.  The Plaintiff claims that the Defendants, by using excessive and unnecessary force against him, violated his rights under the Eighth Amendment to be free from cruel and unusual punishment.  According to the Plaintiff, the Defendants unnecessarily used force against him by physically assaulting him in his cell.

In order to prove a violation under the Eighth Amendment, the Plaintiff must show that Defendants unnecessarily and wantonly inflicted pain on him.  Whether a use of force against a prison inmate is unnecessary or wanton depends on whether the force was applied in a good faith effort to maintain or restore discipline, or whether it was done maliciously or sadistically to cause harm.

In order to prove a violation under the Eighth Amendment, the Plaintiff must prove all of the following elements by a preponderance of the evidence:

First:  that the Defendants used force against him maliciously or sadistically, for the very purpose of causing him harm;

Second:  that the Plaintiff suffered some harm as a result of the use of force by Defendants; and

Third:  that Defendants were acting under color of state law.  You are instructed as a matter of law that Defendants were acting under color of state law.

If the Plaintiff fails to prove any of these elements, you must find for the Defendants.

## JURY INSTRUCTION

**No. 20**      **§ 166.23 – Excessive Force (cont'd)**

The first element is to be evaluated by a subjective analysis of Defendants and their state of mind at the time.  In deciding whether the element has been proved, you must give prison officials wide ranging deference in the adoption and execution of policies and practices that in their judgment are needed to preserve internal order and discipline and to maintain internal security in the prison.

Some of the things you may want to consider in determining whether the Defendants unnecessarily or wantonly inflicted pain on the Plaintiff include:

1.      The extent of the injury suffered.

2.      The need for the application of force.

3.      The relationship between the need and the amount of force used.

4.      The threat reasonably perceived by the responsible official, and

5.      Any efforts made to temper the severity of a forceful response.

Federal Jury Practice and Instructions, Fifth, O'Malley, Grenig and Lee, West Publishing, 2001, Volume 3B, § 166.23.

- 23 -

## JURY INSTRUCTION

**No. 21.        § 166.31 – Maliciously**

"Maliciously" means intentionally injuring another without just cause or reason. To act

"maliciously" means intentionally to do wrongful act without just cause or excuse, with an intent to

inflict injury or under circumstances that show an evil intent.

Federal Jury Practice and Instructions, Fifth, O'Malley, Grenig and Lee, West
Publishing, 2001, Volume 3B, § 166.31.

---

### JURY INSTRUCTION

**No. 22.**        **§ 166.32 – Deliberately**

To act "deliberately" means to act intentionally; that is, knowingly and voluntarily and not because of mistake or accident.

Federal Jury Practice and Instructions, Fifth, O'Malley, Grenig and Lee, West Publishing, 2001, Volume 3B, § 166.32.

*Robert Brooks, #181158 v Peter Youngert, et al*
USDC – Western District Docket No. 4:03-cv-137

---

## JURY INSTRUCTION

**No. 23.** **§ 166.33 – Sadistically**

"Sadistically" means engaging in extreme or excessive cruelty or delighting in cruelty.

Federal Jury Practice and Instructions, Fifth, O'Malley, Grenig and Lee, West Publishing, 2001, Volume 3B, § 166.33.

*Robert Brooks, #181158 v Peter Youngert, et al*
USDC – Western District Docket No. 4:03-cv-137

---

### JURY INSTRUCTION

**No. 24.**        **M Civ JI 115.01  Assault – Definition**

An assault is any intentional, unlawful threat or offer to do bodily injury to another by force,

under circumstances which will create a well founded fear of imminent peril, coupled with the

apparent present ability to carry out the act if not prevented.

---

### JURY INSTRUCTION

**No. 25.**          **M Civ JI 115.02  Battery – Definition**

A battery is the willful or intentional touching of a person against that person's will by another.

*Robert Brooks, #181158 v Peter Youngert, et al*
USDC – Western District Docket No. 4:03-cv-137

---

## JURY INSTRUCTION

**No. 26.**        **MI Civ JI 115.20  Assault – Burden of Proof**

Plaintiff has the burden of proving each of the following:

a.        that defendants made an intentional and unlawful threat or offer to do bodily injury to the plaintiff

b.        that the threat or offer was made under circumstances which created in plaintiff a well-founded fear of imminent peril

c.        that the defendants had the apparent present ability to carry out the act if not prevented

If you find that plaintiff has proved each of the elements that I have explained to you, your verdict will be for the plaintiff.

If you find that defendants assaulted plaintiff, then your verdict will be for the plaintiff.

If you find that the plaintiff has failed to prove any one of the elements, your verdict will be for the defendants.

*Robert Brooks, #181158 v Peter Youngert, et al*
USDC – Western District Docket No. 4:03-cv-137

---

**<u>JURY INSTRUCTION</u>**

**No. 27.         MI Civ JI 115.21  Battery – Burden of Proof**

Plaintiff has the burden of proving that the defendants willfully and intentionally touched the

plaintiff against the plaintiff's will.

If you find that this has been proved, your verdict will be for the plaintiff.

If you find that the defendants battered plaintiff, then your verdict will be for plaintiff.

If you find that plaintiff has failed to prove this, your verdict will be for the defendants.

*Robert Brooks, #181158 v Peter Youngert, et al*
USDC – Western District Docket No. 4:03-cv-137

---

## JURY INSTRUCTION

**No. 28.**       **CV 3.04 - Consider Damages Only If Necessary**

(1)       If the Plaintiff has proven a claim against the Defendants by a preponderance of the evidence, you must determine the damages to which he is entitled.  You should not interpret the fact that I am giving instructions about the Plaintiff's damages as an indication in any way that I believe that he should, or should not, win this case.  It is your task first to decide whether the Defendants are liable.  I am instructing you on damages only so that you will have guidance in the event you decide that the Defendants are liable and that the Plaintiff is entitled to recover money from them.

*Robert Brooks, #181158 v Peter Youngert, et al*
USDC – Western District Docket No. 4:03-cv-137

---

## JURY INSTRUCTION

**No. 29.**      **CV 3.04A - Damages - Reasonable - Not Speculative**

(1)      Damages must be reasonable.  If you should find that the Plaintiff is entitled to a verdict, you may award him only such damages as will reasonably compensate him for such injury and damage as you find, from a preponderance of the evidence in the case that was sustained as a proximate result of the Defendants' acts or omissions.  Damages are not allowed as a punishment and cannot be imposed or increased to penalize the Defendants.  On the other hand, compensatory damages are not restricted to actual loss of time or money; they cover both the mental and physical aspects of injury--tangible and intangible.  They are an attempt to restore the Plaintiff, that is, to make him whole or as he was immediately prior to the injuries.

(2)      You are not permitted to award speculative damages.  So, you are not to include in any verdict compensation for any prospective loss which, although possible, is not reasonably certain to occur in the future.

*Robert Brooks, #181158 v Peter Youngert, et al*
USDC – Western District Docket No. 4:03-cv-137

---

## JURY INSTRUCTION

**No. 30.**          **§ 166.60 – Nominal Damages**

If you find in favor of Plaintiff under Instruction ___, but you find that Plaintiff's damages have not monetary value, then you must return a verdict for Plaintiff in the nominal amount of one dollar.

*Robert Brooks, #181158 v Peter Youngert, et al*
USDC – Western District Docket No. 4:03-cv-137

---

### JURY INSTRUCTION

**No. 31.**        **§ 166.62 – Punitive Damages**

In addition to the damages mentioned in the other instructions, the law permits you to award an injured person punitive damages under certain circumstances in order to punish the Defendants for some extraordinary misconduct and to serve as an example or warning to others not to engage in such conduct.

If you find in favor of the Plaintiff and against the Defendants, and if you find the conduct of the Defendants to be recklessly and callously indifferent to the Plaintiff's right to be free from the use of excessive force then, in addition to any other damages to which you find the Plaintiff is entitled, you may, but are not required to, award him an additional amount as punitive damages if you find it is appropriate to punish the Defendants and to dissuade others from like conduct in the future.  Whether to award the Plaintiff punitive damages and the amount of those damages are within your sound discretion.

Federal Jury Practice and Instructions, Fifth, O'Malley, Grenig and Lee, West
Publishing, 2001, Volume 3B, § 166.62.

## **JURY INSTRUCTION**

**No. 32.**        **CV 4.01 – Introduction**

(1)        That concludes the part of my instructions explaining the elements of the claim(s)

made by the Plaintiff and how to calculate damages if you find that damages should be awarded.

Next I will explain some rules that you must use in considering some of the testimony and evidence.

*Robert Brooks, #181158 v Peter Youngert, et al*
USDC – Western District Docket No. 4:03-cv-137

---

### JURY INSTRUCTION

**No. 33.** **CV 4.07 - Impeachment - Inconsistent Statement (ModifiedPrior Conviction)**

(1)     A witness may be discredited or "impeached" by contradictory evidence, by a showing that he or she testified falsely concerning a material matter, or by evidence that at some other time the witness has said or done something, or has failed to say or do something, which is inconsistent with the witness' present testimony.

(2)     If you believe that any witness has been so impeached, then it is your exclusive province to give the testimony of that witness such credibility or weight, if any, as you may think it deserves.

(3)     The fact that a witness has previously been convicted of a felony, or a crime involving dishonesty or false statement, is also a factor you may consider in weighing the credibility of that witness.  The fact of such a conviction does not necessarily destroy the witness' credibility, but is one of the circumstances you may take into account in determining the weight to be given to his or her testimony.

**Plaintiff does not object to the use of this jury instruction for subpart (1) and (2), but does object to the use of subpart (3) because no witness has been convicted of a crime involving dishonesty or false statement and such a reading would confuse the jury.**

**\*\* The underlining and striking of words are Plaintiff's proposed changes to Jury Instruction No. 33 \*\***

*Robert Brooks, #181158 v Peter Youngert, et al*
USDC – Western District Docket No. 4:03-cv-137

---

### JURY INSTRUCTION

**No. 34.**        **CV 4.08 – Impeachment by Prior Inconsistent Statement Not Under Oath**

(1)        You have heard the testimony of the Plaintiff, the Defendants, and of their witnesses. You have also heard that before this trial that this witness made a statement that may be different from that witness's testimony here in court.

(2)        This earlier statement was brought to your attention only to help you decide how believable this witness's testimony was.  You cannot use it as proof of anything else.  You can only use it as one way of evaluating this witness's testimony here in court.

*Robert Brooks, #181158 v Peter Youngert, et al*
USDC – Western District Docket No. 4:03-cv-137

---

## JURY INSTRUCTION

**No. 35.** **CV 4.09 – Impeachment of a Witness by Prior Conviction**

(1)     You have heard the testimony of Plaintiff.  You have also heard that before this trial, this witness was convicted of a crime.

(2)     This earlier conviction was brought to your attention only as one way of helping you decide how believable this witness's testimony was.  Do not use it for any other purpose.  It is not evidence of anything else.

**Plaintiff objects to the use of this jury instruction as none of the witnesses' prior convictions have anything to do with how credible they are as individuals.**

*Robert Brooks, #181158 v Peter Youngert, et al*
USDC – Western District Docket No. 4:03-cv-137

---

### JURY INSTRUCTION

**No. 36.        CV 9.01 - Introduction**

(1)     Now let me conclude by explaining some things about your deliberations in the jury room, and your possible verdicts.

(2)     The first thing that you should do in the jury room is choose someone to be your foreperson.  This person will help to guide your discussions, and will speak for you here in court.

(3)     Once you start deliberating, do not talk to the jury officer, or to me, or to anyone else except each other about the case.  If you have any question or message, you must write it down on a piece of paper, sign it, and then give it to the jury officer.  The officer will give the message to me, and I will respond as soon as I can.  I may have to talk to the parties about what you have asked, so it may take me some time to get back to you.  Any question or message normally should be sent to me through your foreperson.

(4)     You will be given the documents that were admitted into evidence.  If you want to see any of the exhibits that were admitted into evidence and which you do not have, you may send me a message, and those exhibits will be provided to you.

(5)     One more thing about messages.  Do not ever write down or tell anyone how you stand on your votes.  For example, do not write down or tell anyone that you are split, or whatever your vote happens to be.  That should stay secret until you are finished.

## JURY INSTRUCTION

**No. 37.**        **CV 9.02 - Experiments, Research and Investigation**

(1)        Remember that you must make your decision based only on the evidence that you saw and heard here in court.  Do not try to gather any information about the case on your own while you are deliberating.

(2)        For example, do not conduct any experiment inside or outside the jury room; do not bring any book, like a dictionary, or anything else with you to help you with your deliberations; do not conduct any independent research, reading or investigation about the case; and do not visit any place that was mentioned during the trial.

(3)        Make your decision based only on the evidence that you saw and heard here in court.

---

## JURY INSTRUCTION

**No. 38.**       **CV 9.04 - Duty to Deliberate**

(1)      Now that all the evidence is in and the arguments are completed, you are free to talk about the case in the jury room.  In fact, it is your duty to talk with each other about the evidence, and to make every reasonable effort you can to reach unanimous agreement.  Talk with each other, listen carefully and respectfully to each other's views, and keep an open mind as you listen to what your fellow jurors have to say.  Try your best to work out your differences.  Do not hesitate to change your mind if you are convinced that other jurors are right and that your original position was wrong.

(2)      But do not ever change your mind just because other jurors see things differently, or just to get the case over with.  In the end, your vote must be exactly that--your own vote.  It is important for you to reach agreement, but only if you can do so honestly and in good conscience.

(3)      No one will be allowed to hear your discussions in the jury room, and no record will be made of what you say.  So you should all feel free to speak your minds.

(4)      Listen carefully to what the other jurors have to say, and then decide for yourself whether Plaintiff's claims were proved by a preponderance of the evidence.

## **JURY INSTRUCTION**

**No. 39.**        **CV 9.04A - Notes**

(1)        During the trial, I permitted you to take notes and I have noticed that several of you have done so.  As I said at the beginning of the trial, there is always a tendency to attach undue importance to matters which one has written down.  Some testimony which is considered unimportant at the time presented, and thus was not written down, may have taken on greater importance later in the trial in light of all the evidence presented.  Therefore, you are again instructed that your notes are only a tool to aid your own individual memory and you should not compare your notes with other jurors in determining the content of any testimony or in evaluating the importance of any evidence.  Your notes are not evidence, and may not be a complete outline of the proceedings or a list of the highlights of the trial.  Above all, your memory should be your greatest asset when it comes time to deliberate and render a decision in this case.

## JURY INSTRUCTION

**No. 40.**　　　**CV 9.05 - Verdict Form**

　　(1)　　A Verdict Form has been prepared for you use.  A verdict form is simply the written notice of your decision. Whatever decision you reach in this case must be the unanimous decision of all of you. When all of you agree upon a verdict, it will be received as your verdict.  You will note that each of the questions calls for a "Yes" or "No" answer.  The answer to each question must be made by a unanimous vote of the jury.  Your foreperson will write the answer of the jury in the space provided for each question.  As you will note from the wording of the questions, if you answer no to a question, you will not need to move ahead and consider subsequent questions.

　　(2)　　When you answer all of these questions, your foreperson should sign and date the verdict form.

　　(3)　　After the verdict form is completed, your foreperson should give a written note to the bailiff or the marshal. That person will deliver that note to me, you will be called into the courtroom, and your foreperson will deliver the verdict to me in the courtroom.  The parties will then be informed of your verdict.

*Robert Brooks, #181158 v Peter Youngert, et al*
USDC – Western District Docket No. 4:03-cv-137

---

## JURY INSTRUCTION

**No. 41.**       **CV 9.09  - Court Has No Opinion**

(1)      Let me emphasize something that I said to you earlier.  Nothing that I have said or done during this trial was meant to influence your decision in any way. You decide for yourselves whether the Plaintiff's claims were proved by a preponderance of the evidence.

## JURY INSTRUCTION

**No. 42.          CV 10.02 – Deposition as Substantive Evidence**

(1)     When a person is unavailable to testify at trial, the deposition of that person may be used at the trial.  A deposition is the sworn testimony of a witness taken before trial.  The witness is placed under oath to tell the truth and lawyers for each party may ask questions.  The questions and answers are recorded.

(2)     The deposition of _____, which was taken on _____, is about to be presented to you.  Deposition testimony is entitled to the same consideration and is to be judged, insofar as possible, in the same way as if the witness had been present to testify.

[(3)     Do not place any significance on the behavior or tone of voice of any person reading the questions or answers.]

*Robert Brooks, #181158 v Peter Youngert, et al*
USDC – Western District Docket No. 4:03-cv-137

---

### JURY INSTRUCTION

**No. 43.**        **Weighing of Liability Regarding the Absence of the Tape**


You have heard testimony regarding the fact that a video recorder recorded the activities the morning of October 2, 2000 regarding whether the Defendants entered Plaintiff's cell.  You have also heard testimony regarding the fact that the Department of Corrections had possession of the video recorder and did not remove the tape out of the tape recorder before the tape was recorded over.  Based on the above facts, you may draw an inference adverse to the Defendants from the absence of the evidence of the tape.


**Attribution:**  *Lanham Machinery Company, Inc. v. APV Baker Company, Inc.,* 71 F.Supp.2d 736, 749 (W.D. Mich. 1999) (holding that "[a]n appropriate sanction may be the exclusion of evidence that unfairly prejudices the other party or an instruction to the jury that it may draw an inference adverse to the culpable party from the absence of the evidence.") *citing Brenner v. Kolk,* 226 Mich. App. 149, 161 (1998).


**Defendants object to this Jury Instruction No. 43.**