UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ROBERT BROOKS,

        Plaintiff,                              Hon. Richard Alan Enslen

v.                                                Case No. 4:03 CV 137

PETE YOUNGERT, et al.,

        Defendants.
_____/

## ORDER

This matter is before the Court on <u>Plaintiff's Motion for Costs and Attorney Fees</u>. (Dkt. #170). As discussed below, Plaintiff's motion is **granted in part and denied in part**.

Plaintiff initiated this action, alleging that Defendants Youngert and Stowell assaulted him without provocation in violation of the Eighth Amendment to the United States Constitution. Plaintiff also claimed that Defendants' actions constituted assault and battery under Michigan law. Following a three day trial, a jury concluded that both Defendants assaulted Plaintiff in violation of the Eighth Amendment as well as Michigan law. The jury awarded Plaintiff four dollars in actual damages - one dollar from each Defendant for the Eighth Amendment violation and one dollar from each Defendant for the assault and battery violation. The jury also awarded Plaintiff six thousand dollars in punitive damages, three thousand dollars from each Defendant. Plaintiff's counsel now requests that he be awarded costs in the amount of $5,663.63 and attorney fees in the amount of $63,155.71. As discussed herein, the Court grants in part and denies in part each of counsel's requests.

  A. Motion for Costs

Federal Rule of Civil Procedure 54 indicates that costs "shall be allowed as of course to the prevailing party," thereby creating "a presumption in favor of awarding costs." *Singleton v. Smith*, 241 F.3d 534, 539 (6th Cir. 2001). Federal law details the costs that a prevailing party may recover. *See* 28 U.S.C. § 1920. The party seeking to recover its costs, however, bears the burden of establishing that his alleged costs are both necessary and reasonable. *See Berryman v. Hofbauer*, 161 F.R.D. 341, 344 (E.D. Mich. 1995).

With the exception of two items, Defendants concede that counsel is entitled to recover his costs. Specifically, Defendants contest counsel's request for $2,000 in costs for his "sanction exhibit demonstration" and $40 in costs for "computer research." First, expenses incurred for computer research are not properly recoverable costs. *See Attrezzi, LLC v. Maytag Corp.*, 436 F.3d 32, 43 (1st Cir. 2006) (citing 28 U.S.C. § 1920). With respect to the "sanction exhibit demonstration," Plaintiff's counsel asserts that this item refers to "Sanctions" a "sophisticated software program" which enabled both parties to present their trial exhibits using a computer, thereby saving the substantial costs associated with preparing hard copies of the various exhibits used during the trial. Defendants counter that such costs are properly characterized as attorney fees rather than recoverable costs.

Federal law permits a prevailing party to recover its costs for "fees and disbursements for printing and witnesses" as well as "fees for exemplification and copies of papers necessarily obtained for use in the case." 28 U.S.C. § 1920. While it is perhaps a close call, the Court finds that the cost of counsel's "sanction exhibit demonstration" is a properly recoverable expense under federal law. There is no question that had counsel chosen to make hard copies of the various exhibits the cost of producing

such would be recoverable. Counsel should not be penalized for instead utilizing a more efficient computerized method of presenting his exhibits.

The Court also notes that Defendants chose not to incur the cost of preparing hard copies of their own exhibits, but instead utilized the Sanctions software and equipment provided by Plaintiff's counsel. Defendants even relied upon personnel employed by Plaintiff's counsel to operate Sanctions and present their exhibits. Plaintiff's counsel should likewise not be penalized for Defendants' decision to essentially shift to Plaintiff the cost of preparing its trial exhibits.

In sum, Plaintiff's motion for costs is granted in part and denied in part. Specifically, Plaintiff is entitled to recover $5,623.63 in costs. It appears that with one exception the recoverable costs incurred by Plaintiff were paid for by Plaintiff's counsel. The sole exception appears to be the $150 filing fee, which Plaintiff paid in full prior to the appointment of counsel. The Court is confident that the attorneys in this matter will ensure that the recoverable costs in this matter are paid to the appropriate individuals and/or entities as appropriate.

B. Motion for Attorney Fees

Federal law provides that in "any action or proceeding to enforce" 42 U.S.C. § 1983, the Court, "in its discretion, may allow the prevailing party, other than the United States, a reasonable attorney's fee as part of the costs." 42 U.S.C. § 1988(b). Invoking this provision, Plaintiff's counsel seeks to recover $63,155.71 in attorney fees. Defendants do not dispute that Plaintiff is properly considered a prevailing party in this action and that, therefore, Plaintiff's counsel is entitled to receive an award of fees under 42 U.S.C. § 1988. Instead, Defendants assert that another provision of federal law significantly limits the amount which counsel can recover in fees.

Specifically, Defendants rely on the following provision of the Prison Litigation Reform Act (PLRA):

> (d)   Attorney's Fees
>
> (1)   In any action brought by a prisoner who is confined to any jail, prison, or other correctional facility, in which attorney's fees are authorized under section 1988 of this title, such fees shall not be awarded, except to the extent that –
>
> (A)   the fee was directly and reasonably incurred in proving an actual violation of the plaintiff's rights protected by a statute pursuant to which a fee may be awarded under section 1988 of this title; and
>
> (B)   (i)   the amount of the fee is proportionately related to the court ordered relief for the violation; or
>
> (ii)   the fee was directly and reasonably incurred in enforcing the relief ordered for the violation.
>
> (2)   Whenever a monetary judgment is awarded in an action described in paragraph (1), a portion of the judgment (not to exceed 25 percent) shall be applied to satisfy the amount of attorney's fees awarded against the defendant. If the award of attorney's fees is not greater than 150 percent of the judgment, the excess shall be paid by the defendant.

42 U.S.C. § 1997e(d).

Defendants do not assert that counsel's request fails to satisfy subsection (d)(1), but instead argue that pursuant to subsection (d)(2) the amount which counsel may recover in attorney's fees cannot exceed 150 percent of the amount Plaintiff was awarded in damages. Plaintiff's counsel counters that subsection (d)(2) is unconstitutional and further asserts that even if this particular provision is constitutional it does not apply where the amount claimed in attorney fees exceeds 150 percent of the money judgment awarded. While the Court finds counsel's arguments persuasive, the Court cannot ignore that the Sixth Circuit has definitively rejected both arguments.

In *Walker v. Bain*, 257 F.3d 660 (6th Cir. 2001), the Sixth Circuit squarely addressed the two arguments presently advanced by Plaintiff's counsel. The *Walker* court definitively held that 42 U.S.C. § 1997e(d)(2) is constitutional. *Id.* at 667-70. The court also clearly rejected counsel's argument that § 1997e(d)(2) is inapplicable where the amount claimed in attorney fees exceeds 150 percent of the judgment amount. *Id.* at 666-67. In this respect the court observed that the interpretation advanced by Plaintiff's counsel "is inconsistent with the intent of Congress, renders the second sentence of the provision meaningless, and must therefore be rejected." *Id.* at 667. Accordingly, § 1997e(d)(2) "must be read to limit defendants' liability for attorney fees to 150 percent of the money judgment." *Id.*

Plaintiff's counsel acknowledges the Sixth Circuit's *Walker* decision, but urges this Court to nonetheless rule in his favor. If the Court were addressing this issue as a matter of first impression, it might very well rule in Plaintiff's favor for the reasons articulated in the *Walker* court's dissenting opinion. The fact remains, however, that the Court is not acting on a blank slate. The Sixth Circuit has definitively rejected counsel's arguments. While the Court is unpersuaded by the majority's opinion in *Walker*, that decision is nonetheless binding on this Court.

Accordingly, Plaintiff's counsel is entitled to receive only $9,006.00 in attorney fees. As noted above, a portion of the judgment awarded to Plaintiff (not to exceed 25 percent) must be applied to satisfy the amount of attorney's fees awarded against Defendants. Thus, $1,501.00 of counsel's fee must be paid from the amount awarded to Plaintiff with the remainder ($7,505.00) to be paid by Defendants.

**CONCLUSION**

For the reasons articulated herein Plaintiff's Motion for Costs and Attorney Fees, (dkt. #170), is **granted in part and denied in part**.  Specifically, Plaintiff's counsel is entitled to recover five thousand six hundred twenty three dollars and sixty three cents ($5,623.63) in costs.  Counsel is also entitled to receive nine thousand six dollars and zero cents ($9,006.00) in attorney fees.  One Thousand five hundred one dollars and zero cents ($1,501.00) of counsel's fee must be paid from Plaintiff's judgment award with the remaining seven thousand five hundred five dollars and zero cents ($7,505.00) to be paid by Defendants.

IT IS SO ORDERED.

Date:  March 21, 2007                               /s/ Ellen S. Carmody
                                                    ELLEN S. CARMODY
                                                    United States Magistrate Judge